856 F.2d 188
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Laura Duvall YOUNCE, widow; Edgar Younce, and wife; Blanch
Younce; Joseph Younce, and wife; Louise Younce; Paul
Younce and wife; Margie Younce; Frances Younce; Lois
Younce Duvall; Kelly B. Duvall; Ruth Younce Crisp, and
husband; Troy Crisp; Elda Roper Yonce, widow; Homer
Yonce, and wife; Patricia West Yonce; Wayne Yonce, and
wife; Sally Yonce; Kathleen Yonce Conley, and husband;
Charles Conley, Jr.; Peggy Yonce Sanders; James Sanders;
Gladys Yonce Miller; Betty Yonce Hord, widow; Dorothy
Yonce Waters, and husband; Dwight Lamen Waters; Myrtle
Yonce Allen, and husband; Jess Allen; Ruth Yonce Solesbee;
Ralph Solesbee; Alba Yonce Rowland, widow; Mitchell
Rowland, and wife; Katie L. Rowland; Steve Rowland, and
wife; Cynthia L. Rowland; David Brice Rowland, and wife;
Patricia B. Rowland, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 87-2129.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 9, 1988.
Decided July 8, 1988.
 
 Herbert Hyde, for appellants.
 Laura E. Frossard, Appellate Section, Land & Natural Resources Division, Department of Justice (Thomas J. Ashcraft, United States Attorney; Clifford C. Marshall, Assistant United States Attorney, on brief), for appellee.
 Before K.K. HALL and ERVIN, Circuit Judges, and W. EARL BRITT, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Laura Duvall Younce, et al. ("the Younces"), plaintiffs in a suit to quiet title to certain real estate in Swain County, North Carolina, appeal the judgment of the district court in favor of the defendant United States of America. The district court concluded that regardless of any possible weaknesses in the United States' chain of title, the Younces had failed to carry their burden of proving the validity of their interest. Finding no error in that determination, we affirm.
 
 I.
 
 2
 The land in dispute consists of four 100-acre tracts, originally denominated as Grants 1439, 1440, 1441, and 1442. The grants were issued by the State of North Carolina in 1854 to "Elihu Barnes and Company." At present, the tracts are within the boundaries of the Nantahala National Forest.
 
 
 3
 In 1985, the Younces filed the instant action pursuant to 28 U.S.C. Sec. 2409(a) seeking to quiet title to the land in themselves. In their complaint, they alleged that Elihu Barnes, who died intestate in 1861, had been seized of the disputed land in fee simple absolute, that there was no record of any conveyance of the land by Elihu Barnes or anyone claiming through him, and that as the heirs of Elihu Barnes they, therefore, were the lawful owners of the property.
 
 
 4
 In disputing the Younces' claim, the government contended that Elihu Barnes had never been personally seized of the land and, thus, the Younces had no inheritable interest. The government further alleged that it held a superior title based upon certain earlier conveyances and a consolidating "perimeter deed" issued in 1973 by the Nantahala Company and the Wachovia Bank and Trust Company.[1]
 
 
 5
 The competing claims were tried to the district court on January 27 and 28, 1987. In addition to the testimony and evidence presented at that time, the district court continued to accept exhibits and additional evidence through May of 1987. On June 1, 1987, the court issued a memorandum opinion holding that the Younces would take nothing in the action and that the United States was seized of a title to the disputed land good at least against the Younces.
 
 
 6
 In support of its conclusion, the district court noted inter alia that:
 
 
 7
 (1) In 1854, North Carolina law did not automatically treat a conveyance to an individual "and company" as a conveyance to the individual;
 
 
 8
 (2) civil litigation occurred in 1885 between the immediate heirs of Elihu Barnes and certain other individuals who contested ownership of Tracts 1439, 1441 and 1442 thereby further suggesting that the 1854 grant was not to Elihu Barnes personally;
 
 
 9
 (3) the terms of settlement of the 1885 litigation and a subsequent conveyance by a Barnes heir in 1886 which appeared to transfer ownership of Tract 1442 strongly implied that a partition and sale of the land had occurred which divested the Barnes heirs of any interest in tracts 1439, 1441, and 1442; and
 
 
 10
 (4) the lack of evidence of the exercise of dominion over Tract 1440 by any Barnes heir further suggested that Elihu Barnes had not been seized of a personal interest in that property.
 
 
 11
 The court reasoned that the factual evidence did not allow plaintiffs to carry their burden of proving a valid title and that notwithstanding certain weaknesses in the government's claim,[2] it was adequate to prevail over the Younces. From this determination the Younces now appeal.
 
 II.
 
 12
 On appeal, the Younces have presented a broad based attack on the district court's judgment. They argue that a nineteenth century conveyance to an individual "and company" did convey an interest solely to the named individual. They also contend that the 1885 litigation did not accomplish a partition of the land and that the district court erred by requiring them to prove a negative--i.e., the absence of partition. Finally, the Younces argue that the government's perimeter deed fails to establish any interest in the property on behalf of the United States. We are unpersuaded by appellants' arguments.
 
 
 13
 The Younces concede, as they must, that the burden of proof in an action to quiet title rests on the claimant.[3] At its core, therefore, the instant appeal is a challenge to the district court's assessment of a voluminous amount of evidence presented on behalf of the parties. While we acknowledge that certain pieces of evidence were subject to interpretation different from that articulated by the district court, we are unable to discern a reversible error in the court's ultimate determination.
 
 
 14
 Although there is authority in other jurisdictions for construing a conveyance to an individual "and company" as a conveyance to the individual alone, relevant North Carolina law of the period did appear to recognize the possibility of a different result. See Asbury v. Albemarle, 162 N.C. 247, 251 (1913). Moreover, the voluntary settlement of the 1885 litigation between the heirs of Elihu Barnes and other claimants to the property logically indicates that the 1854 grant was not purely to Elihu Barnes. The appellants' argument that they were required to prove the absence of partition in order to establish their interest mischaracterizes the situation. Rather, the district court soundly recognized that when the evidence strongly implied a partition in the nineteenth century, the claimants could only prevail by dissipating that inference. We see no error in that conclusion.
 
 
 15
 We do not suggest that the Younces were unable to present an arguable claim to the property. Their burden, however, was far heavier. By, in effect, seeking to overcome a possessory interest by the United States, they were required to show, in themselves, a valid title good against the world.[4] They have failed to accomplish that task.
 
 III.
 
 16
 For the foregoing reasons, we find the analysis of the district court in Laura Duvall Younce, et al v. United States, B-C-85-132 (W.D.N.C. June 1, 1987), persuasive. Accordingly, the judgment of the district court is affirmed.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 The "perimeter deed" purported to consolidate a number of lesser grants conveyed to the government as a result of a bequest in the will of Percy B. Ferebee. The government contended that the land claimed by the Younces lay within the bounds of that perimeter deed
 
 
 [2]
 The district court concluded the inability of the government to establish with certainty that the tracts at issue were within the grants enclosed by the perimeter deed prevented a determination that its title was good against the world. The government's title would be good, however, against claimants, such as the Younces, who could prove no title at all
 
 
 [3]
 Although the Younces' cause of action arises under federal statute, the substantive questions of real property law presented are largely controlled by state law. E.g., Fulcher v. United States, 699 F.2d 1073 (4th Cir.1982). The North Carolina requirement that a claimant of real property "rely upon the strength of his own title," North Carolina v. Johnson, 278 N.C. 126, 151, 179 S.E.2d 371, 387 (1971), is, therefore, applicable
 
 
 [4]
 We find it unnecessary to address at any length the validity of the government's title. We agree with the district court that the United States appears to be unable to prove a title good against the world under the requirements of King v. United States, 585 F.2d 1213 (4th Cir.1978). In light of the Younces' inability to establish their own claim, however, that failure is irrelevant